UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS D. FORD,

    Plaintiff,

v.

    Civil No. 2:23-cv-11136
    Hon. Victoria A. Roberts

STAN BRUE,

    Defendants.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

The court summarily dismissed Marcus D. Ford's 42 U.S.C. § 1983 prisoner civil rights complaint. Ford alleged that Defendant fabricated evidence presented at his trial. Because Ford is currently pursuing federal habeas relief based on this claim, and because his conviction was not reversed on appeal, the complaint was dismissed without prejudice as prematurely filed under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Before the Court is Ford's motion for reconsideration. He raises several arguments that are not germane to the grounds for dismissal, and he also argues that dismissal under *Heck* was improper because he can show entitlement to relief without invalidating his conviction.

1

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896, at *1, n. 1 (E.D. Mich. Dec. 7, 2021)(citing See E.D. Mich. LR 7.1(h)(1)). As Petitioner is proceeding pro se, his motion for reconsideration will be construed as motions to alter or amend judgment filed under Fed. R. Civ. P. 59. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999)(treating motion to alter or to amend judgment filed by a pro se habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir.

2

2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)).

Ford fails to demonstrate entitlement to relief. First, despite Ford's protestations, the complaint claims that Brue's fabrication of evidence led to his conviction and imprisonment. The complaint asserts that at the behest of the prosecutor or police investigators, Brue altered cellphone data so that it corroborated the testimony of a prosecution witness, Jackson, who testified against him at trial. Ford claims this amounted to a "civil conspiracy to obtain the conviction and incarceration of the plaintiff…." (ECF No. 1, PageID.8.) The damages the complaint seeks are ones that result from his incarceration. That is, Ford must show in this action that Brue's misconduct led to his wrongful incarceration to obtain the relief he seeks. Moreover, Ford is currently seeking federal habeas relief in this Court. His lead claim in his habeas action is the same claim that he presents in this action. *See Ford v. Rewerts*, E.D.Mich. No. 22-11540 (ECF No. 1, PageID.5.)

As previously explained, *Heck* prohibits § 1983 suits where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.*, 512 U.S. at 487. That is the case here. Success on his claim that Brue's misconduct led to his improper conviction and imprisonment necessarily implies that

3

his conviction is invalid. Ford fails to demonstrate that the court made a clear error of law or that denying his motion will result in manifest injustice.

Ford's motion for reconsideration is therefore **DENIED**.

**IT IS SO ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Court

Dated: 7/10/2023